IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| TOKIO MARINE SPECIALTY INSURANCE COMPANY and ALLIED WORLD ASSURANCE COMPANY (U.S.) INC.,<br><br>     Plaintiffs,<br>  v.<br><br>PACIFIC FOUNDATION, INC.,<br><br>     Defendant. | Case No.: 3:21-cv-01297-AN<br><br>OPINION AND ORDER |

  Plaintiffs Tokio Marine Specialty Insurance Company ("Tokio Marine") and Allied World Assurance Company (U.S.) Inc. ("Allied") brought this action against defendant Pacific Foundation, Inc. ("Pacific") seeking contractual indemnification and contribution.

  On December 4, 2023, the Court granted plaintiffs' motion for voluntary dismissal and dismissed this action with prejudice. Plaintiffs now move to set aside or amend the judgment, stating that they intended to dismiss the action without prejudice. After reviewing the parties' pleadings, the Court finds this matter appropriate for decision without oral argument. Local R. 7-1(d). For the reasons stated herein, the motion to set aside the judgment is GRANTED.

## LEGAL STANDARD

**A. Federal Rule of Civil Procedure 59(e)**

  Reconsideration of a judgment under Federal Rule of Civil Procedure ("FRCP") 59(e) is appropriate when "1) the motion is 'necessary to correct *manifest errors of law or fact upon which the judgment is based*;' 2) the moving party presents 'newly discovered or previously unavailable evidence;' 3) the motion is necessary to 'prevent manifest injustice;' or 4) there is an 'intervening change in controlling law.'" *Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1254 n. 1 (9th Cir.1999) (emphasis in original)). A motion to alter or amend

1

a judgment must be filed no later than twenty-eight days after the entry of the judgment. Fed. R. Civ. P. 59(e).

B.      Federal Rule of Civil Procedure 60(a)

FRCP 60(a) permits the court to correct clerical mistakes, oversights and omissions in a judgment, order, or other part of the record. A correction is proper if it "intended to conform the judgment to the original intention of the court." *Harman v. Harper*, 7 F.3d 1455, 1457 (9th Cir. 1993). "The basic distinction between 'clerical mistakes' and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of 'blunders in execution' whereas the latter consist of instances where the court changes its mind, either because it made a legal or factual mistake in making its original determination, or because on second thought it has decided to exercise its discretion in a manner different from the way it was exercised in the original determination." *Blanton v. Anzalone*, 813 F.2d 1574, 1577 n.2 (9th Cir. 1987).

In an unpublished opinion, the Ninth Circuit found that FRCP 60(a) applied to mistakes committed by not just the court, but by parties and the jury as well. *Icho v. Hammer*, 434 Fed. Appx. 588, 589 (9th Cir. 2011) (holding that the district court properly exercised its discretion in amending a default judgment to state that it was against "Stanley Burrell" rather than "Stanley Berrell," as defendant's name was incorrectly spelled by plaintiff on the summons and complaint, where service was proper and amendment was not a substantive change) (citing *Day v. McDonough*, 547 U.S. 198, 209-210 (2006) (upholding a judge's decision to *sua sponte* dismiss as untimely a petition for a writ of habeas corpus after determining that the government had incorrectly calculated the untolled time to file the petition because "if a judge does detect a clear computation error, no Rule, statute, or constitutional provision commands the judge to suppress that knowledge.")). Other courts in this circuit have found that FRCP 60(a) is used to correct only errors in court orders that do not reflect the intentions of the court. *See, e.g. Ruffin Rd. Venture Lot IV v. Travelers Prop. Cas. Co. of Am.*, No. 10-CV-11-JM (WVG), 2011 WL 13356059, at *2 (S.D. Cal. July 27, 2011) ("this rule is used to correct errors *in the court's order* where that order does not 'reflect the actual intentions of the court.'") (quoting *In re Jee*, 799 F.2d 532, 535 (9th Cir. 1986)).

C.  **Federal Rule of Civil Procedure 60(b)**

FRCP 60(b) permits the court to relieve a party from a final judgment, order, or proceeding for the following reasons:

> "(1) mistake, inadvertence, surprise, or excusable neglect;
> "(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> "(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> "(4) the judgment is void;
> "(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> "(6) any other reason that justifies relief."

Fed. R. Civ. P. 60(b).

"Excusable neglect" under FRCP 60(b)(1) includes conduct on the part of counsel. *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223 (9th Cir. 2000) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993)). Whether mistake, inadvertence, or negligence on the part of counsel constitutes excusable neglect is an equitable determination that requires consideration of four, non-exclusive factors, referred to as the "*Pioneer* factors": "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Id.* (citing *Pioneer Inv. Servs. Co.,* 507 U.S. at 395).

## BACKGROUND

Plaintiffs provided general commercial liability insurance and excess liability insurance coverage to Fairfield Development, L.P. ("Fairfield"), a general contractor, which retained Pacific as a subcontractor. Compl., ECF [1], ¶¶ 5-6. While working on the subcontract, Pacific allegedly caused grout to enter a sewage line, causing sewage backups. *Id.* ¶¶ 7-8. As a result of the damage, the City of Portland Bureau of Environmental Services fined Fairfield and required it to replace the sewer line. *Id.* ¶ 9. Pursuant to the insurance policies, Tokio Marine paid $1,000,000.00 and Allied paid $201,196.59 to replace the

sewer line. *Id.* ¶ 10. Plaintiffs filed this subrogation action seeking recovery from Pacific as an alleged third party responsible for the damages. *Id.* ¶ 11.

A separate state court action was simultaneously filed in Multnomah County Circuit Court. *See Fairfield Development L.P v. United Specialty Ins. Co.*, No. 21-cv-34750 (Or. Cir. Sept. 1, 2022). In that action, Fairfield, Tokio Marine, and Allied brought claims against United Specialty Insurance Company, Starr Indemnity & Liability Company, and Liberty Insurance Underwriters, Inc., alleging breach of contract and equitable contribution/subrogation/unjust enrichment. Plaintiffs in that case alleged that Pacific's subcontract required defendants, Pacific's insurers, to endorse Fairfield as an additional insured, but that defendant insurers refused to provide coverage to Fairfield related to the grout incident. Am. Compl. ¶¶ 7-24, *Fairfield Development L.P v. United Specialty Ins. Co.*, No. 21-cv-34750 (Or. Cir. Jan. 20, 2022).

On November 28, 2023, plaintiffs in this action filed a motion for voluntary dismissal pursuant to FRCP 41(a)(2). Mot. for Voluntary Dismissal, ECF [51]. The state court trial was set to begin on December 8, 2023, and because both cases shared a common issue, the cause of the grout damage, plaintiffs asked to dismiss this action "[s]o that there is no confusion as to the propriety and independence of the law suits." *Id.* at 2. Defendants in the state court action had moved to stay the state court litigation pending a resolution of the federal action, and plaintiffs wanted to show that this was not necessary.[1] *Id.* Plaintiffs added that "[i]f there is a full recovery in the state court coverage action, there would be no need to pursue these [federal] claims any further." *Id.*

On the first page of the motion, plaintiffs moved for "voluntary dismissal *with prejudice* of this action." *Id.* at 1 (emphasis added). The remainder of the motion and the proposed order attached to the motion are silent on whether the requested dismissal was with or without prejudice.

---

[1] A review of the state court docket shows that on November 22, 2023, Judge Judith Matarazzo denied defendants' motion to stay with instructions to "come back if the federal suit has not been dismissed." Order, *Fairfield Development L.P v. United Specialty Ins. Co.*, No. 21-cv-34750 (Or. Cir. Nov. 29, 2023).

Defendant joined plaintiffs' motion for voluntary dismissal. Def.'s Joinder to Pls.' Mot. for Voluntary Dismissal, ECF [54]. On December 4, 2023, the Court granted the motion for voluntary dismissal. The docket order dismissed the case with prejudice, while the attached order is silent on whether dismissal is with or without prejudice. Order, ECF [55], Order of Dec. 4, 2023. The Court also issued a judgment dismissing the case with prejudice. J., ECF [56].

On December 7, 2023, plaintiffs filed a supplemental letter explaining that the claims were not intended to be dismissed with prejudice and stating that there was "no basis" for the Court to dismiss with prejudice. Pls.' Supp. Letter, ECF [57], at 1. The Court granted plaintiffs leave to file a motion for relief from a judgment or order. Mins. of Proceedings of Dec. 14, 2023, ECF [61].

After plaintiffs sought leave to file the motion, but before filing the motion, the state court case proceeded to trial. Defendants moved for, and were granted, involuntary dismissal. *See Fairfield Development L.P. v. United Specialty Ins. Co.*, No. 21-CV-34750, 2024 WL 812969 (Or. Cir. Jan. 03, 2024).

On December 19, 2024, plaintiffs moved to set aside or amend the judgment. Defendant opposes the motion. Def.'s Resp., ECF [63].

## DISCUSSION

Plaintiffs state that they did not intend to voluntarily dismiss their claims with prejudice and that the single reference to dismissal "with prejudice" in the motion was "an editing mistake and error by counsel." Pls.' Mot., ECF [62], at 9. They argue that they are entitled to relief under FRCP 59(e), 60(a), or 60(b)(1), and ask the Court to strike the judgment or amend it to grant dismissal without prejudice. *Id.* at 2.

A.   **Federal Rule of Civil Procedure 59(e)**

Plaintiffs argue that entry of judgment and dismissal of the claims with prejudice was "a clear error of law." *Id.* at 12. They note that under FRCP 41(a)(2), unless an order states otherwise, voluntary dismissal is assumed to be without prejudice. *Id.* at 11. Because the Court signed the proposed order submitted with the motion for voluntary dismissal, which was silent on whether dismissal was with

5

prejudice, plaintiffs argue that the dismissal was without prejudice and the Court's docket order and subsequent judgment dismissing with prejudice were erroneous. *Id.* at 11-12.

There was no error of law, let alone one serious enough to rise to the level of a manifest error warranting reconsideration under FRCP 59(e). The Court's minute order granting the motion and dismissing with prejudice was no less binding than the attached order granting the motion that was silent on whether it was with or without prejudice. Both orders granted a motion that expressly requested dismissal with prejudice. As a result, the subsequent judgment was not a clear error of law and cannot be set aside under FRCP 59(e).

**B.        Federal Rule of Civil Procedure 60(a)**

Plaintiffs argue that the judgment of dismissal with prejudice could be considered a mistake resulting from an oversight by the Court for the same reasons discussed above. *Id.* at 12.

The Court's decision to dismiss the case with prejudice was not a "blunder in execution" justifying relief under FRCP 60(a). Instead, it was a decision based on the language of plaintiffs' motion. The Court intended to dismiss the action with prejudice. It is not, therefore, a mistake the Court may correct under FRCP 60(a).

Plaintiffs acknowledge that the inclusion of the phrase "with prejudice" in the motion for voluntary dismissal was a clerical error that occurred when plaintiffs' counsel copied and pasted a prior motion to voluntarily dismiss and failed to remove those words. *Id.* at 6. This mistake, plaintiffs concede, "may have been the reason for any confusion or uncertainty as to the relief Plaintiffs' [sic] sought." *Id.* at 11. However, there is no binding precedent in this circuit permitting the Court to set aside or amend a judgment for a party's clerical mistake. Plaintiffs cite *Icho v. Hammer*, 434 Fed. Appx. 588 (9th Cir. 2011) for the proposition that FRCP 60(a) applies to a party's mistake. That case is unpublished. In addition, the mistake in *Icho* was not substantive – it corrected only the spelling of a defendant's name – and was permitted in part because defendant had properly received notice despite the typo in his name. Here, the mistake significantly changes the substance and consequences of the order, and defendant was not on notice of the possibility that the case would be dismissed without prejudice when it joined the motion.

6

Accordingly, the Court declines to set aside or amend the judgment due to plaintiffs' clerical mistake.

C.     **Federal Rule of Civil Procedure 60(b)(1)**

Finally, plaintiffs move to set aside or amend the judgment under FRCP 60(b)(1).[2] Pls.' Mot. 9.  Plaintiffs argue that the inclusion of the phrase "with prejudice" was a mistake that constitutes excusable neglect.  *Id.* at 9-11.  The Court examines each of the *Pioneer* factors in turn.

1.     *Danger of Prejudice to Defendant*

Plaintiffs argue that there is no prejudice to defendant because "nothing has happened differently" since the order of dismissal was entered.  Pls.' Mot. 10.  Defendant disagrees.  It states that its counsel attended the state court action and that it would be "severely prejudiced by being forced to engage in a second trial in federal court after being pulled into the state court trial."  Def.'s Opp., ECF [63], at 12.  Beyond the prejudice of the additional trial, defendant argues that now that the state court trial has concluded, this action should be barred by claim preclusion.  *Id.* at 12-16.  It would be unfair to defendant to permit plaintiffs "a second attempt to try the same issues and seek the same relief as they did in the state court trial" by setting aside judgment in an action subject to preclusion.  *Id.* at 16.

Without reaching the issue of whether the claims are sufficiently similar to invoke claim preclusion, the Court finds that the existence of related or parallel state litigation does not meaningfully prejudice defendant.  Although defendant represents that much of the discovery from this action was used in the state court litigation and that defendant's counsel was present at the trial, Pacific was not actually named as a defendant, or indeed as a party in any capacity, in the state court litigation.  Defendant would not be "forced to engage in a second trial" because it was not a party to the first trial.

Defendant will not be prejudiced by setting aside the judgment and continuing litigation in a case that it argues is subject to claim preclusion.  Defendant could have moved to dismiss or stay this action at any time based on what it alleges is parallel state litigation.  It did not do so.  Instead, it waited to raise the issue until after receiving an unexpected dismissal.  If the federal litigation continues, defendant

---

[2] Plaintiffs also briefly invoke FRCP 60(b)(6), but do not explain why it should apply in this case.

7

will be able to seek a stay or dismissal based on lack of jurisdiction at any point. The only prejudice defendant would experience as a result of granting relief under FRCP 60(b)(1) is the loss of an unexpected victory and some delay, which is insufficient to deny relief. *See Bateman*, 231 F.3d at 1225-26 (finding that prejudice to defendant was "minimal" and "insufficient to justify denial of relief under Rule 60(b)(1)" where defendant's motion for summary judgment was granted as unopposed while plaintiff's counsel was away on family emergency, because prejudice consisted only of loss of "a quick victory," adjudicating the motion for summary judgment on the merits, and rescheduling the trial date).

In addition, defendant argues that plaintiffs are "now barred from reviving their contribution claim as a matter of law" because contribution claims are subject to a two-year statute of limitations under Oregon Revised Statute § 31.810(3). Def.'s Opp. 16. Presumably, defendant objects to the idea that, if the judgment were amended to dismissal without prejudice, plaintiffs could refile a complaint with claims that would otherwise be time-barred. As discussed above, loss of a quick victory and adjudicating a case on the merits is not sufficiently prejudicial to deny relief to plaintiffs. In addition, the Court finds that setting aside the judgment, rather than amending the judgment, mitigates this prejudice. By setting aside the judgment, the parties are restored to their positions before the motion for voluntary dismissal, and the case continues without any effect from the vacated order and judgment.

2. *Length of Delay, its Potential Impact on the Proceedings, and Reason for the Delay*

Plaintiffs raised the issue of dismissal with prejudice shortly after the Court issued its order and judgment. The parties do not dispute that plaintiffs did not delay in filing the motion.

3. *Whether the Movant Acted in Good Faith*

Plaintiffs argue that the phrase "with prejudice" appeared in the motion due to an honest mistake by counsel and that they always intended to seek to dismiss the action without prejudice. Pls.' Mot. 9. The attorney who drafted the motion for voluntarily dismissal states that he copied and pasted text from a different motion to voluntarily dismiss and removed all references to dismissal with prejudice except for "unfortunately a seemingly important reference in the opening paragraph identifying the motion." Decl. of Kenneth Levine, Pls.' Mot, Ex. A, ¶ 24.

Defendant argues that the wording of the motion was not a mistake, but a strategic choice to abandon this action in favor of the state court litigation. Def.'s Opp. 10-11. Because plaintiffs made a strategic result, they should live with the outcome, defendant argues, and their remaining path to relief is an appeal of the state court judgment, not the federal action. *Id.* 17.

The Court finds that plaintiffs acted in good faith. While the erroneous inclusion of the phrase "with prejudice" is admittedly a significant mistake, plaintiffs' counsel has provided sufficient evidence that he acted in good faith in preparing the motion to voluntarily dismiss and merely committed a serious editing oversight. Plaintiffs' counsel's decision to immediately contact the Court after taking notice of the dismissal with prejudice, and his insistence that the Court had committed an error until the phrase "with prejudice" was pointed out to him, further supports a finding that plaintiffs acted in good faith. Finally, although defendant insists that plaintiffs filed this motion now because they did not like the outcome of the state court trial, plaintiffs sought leave to file the motion prior to the state court trial and could not have known the outcome at that time. Plaintiffs' error is the result of carelessness, not gamesmanship.

Because there is minimal prejudice to defendant, no delay on the part of plaintiffs, and because plaintiffs acted in good faith, the Court finds that the inclusion of the phrase "with prejudice" was the result of excusable neglect that justifies setting aside the order dismissing this action and resultant judgment.

## CONCLUSION

For the foregoing reasons, plaintiffs' Motion to Set Aside Judgment, ECF [62], is GRANTED. The Court vacates the Order Granting Motion for Voluntary Dismissal, ECF [55], and Judgment, ECF [56].

IT IS SO ORDERED.

DATED this 30th day of April, 2024.

Adrienne Nelson
United States District Judge